UNITED STATES
BANKRUPTCY COURT
FILED
2006 JUN 19 PM 2:00
C.L. AUSTIN, CLERK
MILWAUKEE, WISCONSIN

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

IN RE:     BARBARA J. SPEARS,                       Case No. 06-21015

Debtor.                                       Chapter 13

**ORDER DENYING TRUSTEE'S MOTION TO DISMISS
UNCONFIRMED PLAN**

On April 26, 2006, the trustee filed a motion to dismiss this unconfirmed Chapter 13 case. The motion cited two grounds–failure to begin making plan payments within 30 days of filing the petition, and failure to obtain the pre-filing credit counseling briefing required by 11 U.S.C. § 109(h) within the 180-day period prior to the date of the filing of the petition. The parties settled the first ground for objection–the debtor's failure to begin payments within 30 days of filing the petition–at the hearing on June 6, 2006. What remains is the credit counseling issue, based on the trustee's argument that § 109(h) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") requires debtors to obtain their credit briefings by the end of the day *prior* to the day on which they file their petition. The Court disagrees, and denies the trustee's motion to dismiss.

Facts

The debtor filed her Chapter 13 petition on March 15, 2006. The electronic filing record indicates that her counsel filed the petition at 3:25 p.m. At 3:27 p.m., the debtor's counsel electronically filed her certificate of credit counseling, indicating

1

that the debtor received her briefing from Credit Counseling Centers of America on March 15, 2006–the same day that she filed the petition and the certificate of counseling. Thus, at some point on March 15 prior to 3:25 p.m., the debtor received her briefing.

Discussion

The trustee argues that the language of the statute requires, not just that a debtor obtain a credit briefing prior to filing her bankruptcy petition, but that she must obtain that briefing by the end of the day *before* the day on which she files her petition. He points to that portion of § 109(h) (the section of BAPCPA that mandates credit briefings pre-filing) which says that a person may not be a debtor unless she has, "during the 180-day period *preceding the date of filing of the petition*," obtained a credit briefing. The trustee argues that the words "preceding the date of filing" require the debtor to obtain the briefing before the day she actually files her petition.

The trustee advised the Court that two other judges in this district–Chief Judge McGarity and Judge Kelley–have heard his argument, and that both have ruled against him. Chief Judge McGarity ruled orally; Judge Kelley wrote a brief opinion, which one can find on the court's web site at http://www.wieb.uscourts.gov. Judge Kelley based her rejection of the trustee's argument on the ruling in In re: Warren, 339 B.R. 475 (Bankr. E.D. Ark. 2006). It is this case that the debtor cites in her objection to the trustee's motion.

The trustee argues, however, that since Judge Kelley issued her decision, another bankruptcy court has ruled on this issue, and has ruled in favor of his argument. In the bankruptcy court for the District of Columbia, Judge Teel issued two decisions holding that a debtor who "obtained credit counseling on the same date that she filed her petition" was "ineligible for [bankruptcy] relief." In re: Mills, 341 B.R. 106, 109 (Bankr. D. D.C. 2006). *See also*, In re: Murphy, ___ B.R. ___, 2006 WL 1071153 (D. D.C., Feb. 22, 2006). In light of these decisions, the trustee presents his argument to this Court.

This Court has reviewed the Warren decision, as well as Judge Teel's decisions in Mills and Murphy. They are diametrically opposed. The conclusion the Court most readily draws when reading the contrasting opinions is that one easily can find support for either of the arguments. For example, in the Warren decision, Judge Mixon finds that the word "date" in § 109(h) refers to "the specific day, month, year, and time of day the petition was filed." In re: Warren, 379 B.R. 475, 480 (Bankr. E.D. Ark. 2006). In support of this finding, Judge Mixon cites a number of cases in which courts have held that the words "day" and "date" are not synonymous, and that the word "date" "may refer to the time of a transaction or event rather than the calendar event on which it occurs." Id. at 480, citing Kleinschmidt v. Hoctor, 361 Mo. 29, 35, 233 S.W.2d 649, 654 (1950); In re: Irvine's Estate, 114 Mont. 577, 584, 139 P.2d 489, 492 (1943); Waggener v. McCanless, 183 Tenn. 258, 263, 191 S.W. 2d 551, 553(3) (1946).

3

Judge Teel reaches exactly the opposite conclusion in Mills, and he finds case law support for his conclusion, too. He states confidently that, "It is settled that when a statute requires an act to be done within a specified number of days prior to a fixed date, the last day, namely, the fixed date, is to be excluded . . . in making the calculation." In re: Mills, 341 B.R. 106, 107-108 (Bankr. D. D.C. 2006), citing State v. Zaller, 142 Ohio St. 186, 50 N.E.2d 991, 991-992 (1943); Stein Steel & Supply Co. V. Tate, 94 Ga.App. 517, 95 S.E.2d 437, 438-39 (1956); Baugh v. Rural High School Dist. No. 5, 185 Kan. 123, 340 P.2d 891, 989 (1959); Murchison v. Darden, 171 S.W.2d 220, 221 (Tex.Civ.App. 1943).

This Court briefly looked into Wisconsin case law, to see if any cases could shed light on this state's interpretation of the meaning of the word "date." It found little of any help. In this Court's view, then, the case law battle between Judges Mixon and Teel ends in a wash.

In Warren, Judge Mixon indicates that the legislative history of BAPCPA supports his conclusion that "date" refers to time as well as day. He cites a House report which indicates that § 109(h) requires a debtor to "receive credit counseling within the 180-day period preceding the filing of the bankruptcy case," then notes that nothing in the legislative history refers to any congressional intent to require a one-day waiting period between obtaining the briefing and filing the petition. In re: Warren, 339 B.R. at 480, citing H.R. Rep. No. 109-31, at 54 (2005), U.S. Code Cong. & Admin. News 2005, pp. 88, 124-25. He also refers to a Bankruptcy Appellate

4

Panel decision from the Eighth Circuit indicating that "[i]t is the clear expectation that all individual debtors receive such a briefing *prior* to filing." Id., quoting In re: Dixon, 338 B.R. 383, 386-87 (8th Cir. BAP 2006).

In response, Judge Teel somewhat disdainfully remarks that he finds "nothing in the legislative history of § 109(h) to support the conclusions drawn by the Warren court." He argues that the excerpt Judge Mixon refers to in Warren sheds no light on what Congress intended. In re: Mills at 109.

Judge Mixon looks to the definition of the word "date" in various sources, and finds support for his argument that the word "date" includes reference to the actual time of filing. He looks at definitions in Black's Law Dictionary and Webster's Third New International Dictionary. In re: Warren at 479-480. In contrast, Judge Teel asserts that "Congress 'says in a statute what it means and means in a statute what it says there . . . .'" In re: Mills at 109, quoting Hartford Underwriters Ins. Co. v. Union Planters Bank (In re: Hen House Interstate, Inc.), 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (other citations omitted). Judge Teel clearly believes that Congress intended to make debtors wait a day between obtaining their credit briefings and filing their petitions.

It should be clear by now that, for this Court, review of these two decisions was a bit like watching the Pushmepullyou, and did little to resolve the issue the trustee raises. In the end, however, it is this Court's conclusion that, in order to comply with § 109(h)'s credit briefing requirement, a debtor must obtain a credit

5

Case 06-21015-pp    Doc 25    Filed 06/19/06    Page 5 of 9

briefing within the 180-day period prior to the moment she files her petition. The Court reaches this conclusion for the following reasons.

There is one part of Judge Mixon's decision in <u>Warren</u> that this Court does find compelling. It is the following passage:

> In bankruptcy, the exact time of filing is a critical bright line in determining property rights of debtors and creditors. At the moment a petition for relief is filed, the automatic stay goes into effect, affording the debtor an extra measure of protection from the legal maneuvers of his creditors. On October 27, 2005, at 3:03 p.m. [before he filed his petition], the debtor was subject to impairment of his property interests; at 3:04 p.m., the moment of filing, he received the relief from his creditors afforded him by the automatic stay and other provisions of the Bankruptcy Code.

<u>In re: Warren</u> at 480.

This Court agrees with Judge Mixon. The moment a debtor files her petition, many wheels begin to grind. As Judge Mixon points out, the debtor receives the protection of the automatic stay as of that moment. That is also the moment when everything she owns–assets and liabilities–becomes the property of the bankruptcy estate. It is the moment when her weakened financial state becomes open and notorious to the world. It is the moment she becomes subject to the oversight and supervision of the trustee. She cannot go out and sell property without court approval, or incur many kinds of new debt. Certain benefits flow to her as of that moment; certain burdens land on her as of that moment. If she needs to be dissuaded from filing bankruptcy–or, depending on one's point of view, if she needs guidance and direction about whether to file for bankruptcy–she needs it at some

6

point prior to that very pivotal moment.

This Court, like many others, is very reluctant to try to parse out what Congress intended to do when it created § 109(h). Some have opined that Congress intended § 109(h) to do nothing more than add another hurdle to the already-arduous course a debtor must run to file bankruptcy. Others have opined that Congress wanted to direct debtors to entities–the credit counseling agencies–which would dissuade debtors from filing for bankruptcy relief. Still others believe that Congress wanted to educate debtors about debt management, and to let them know that there are valid alternatives to the extreme step of filing for bankruptcy relief. This Court does not profess to know whether any of those goals were Congress' true intent, or even if that body had a specific intent at all.

It seems, however, that if Congress held any of those goals, the imposition of a one-day waiting period between obtaining the credit briefing and filing the petition doesn't further them. If Congress intended to make filing for bankruptcy a detailed process with many steps, it has done so with, among other things, the credit briefing requirement. Many debtors, and sadly some debtors' counsel, are unaware of the requirement, others do not understand the requirements for obtaining additional time to get the briefing and so fail to meet those requirements. Many courts are dismissing cases every day because of failure to obtain the credit briefing before filing. Adding an additional one-day waiting period is not necessary to make the process more arduous.

7

Nor does adding a one-day waiting period assist in convincing debtors not to file for bankruptcy. If a debtor has a credit briefing ten minutes before filing her petition, and is convinced by the counselor that she should not file, then she will not file. The fact that she got the briefing hours, rather than days, prior to filing will not impact that decision significantly.

Finally, adding a one-day waiting period does nothing to educate debtors about the alternatives available to them. Indeed, a debtor can talk to a credit counselor ten minutes prior to the time she planned to file, learn that there is a debt reorganization program that would help her, and decide then and there to try to avoid bankruptcy. Or a debtor could talk to a counselor ten minutes before filing and be reassured that, in fact, she has no other alternative but to file.

Conclusion

In this Court's view, a debtor who finds an approved agency, sets up an appointment, pays the fee if the agency charges one, and attends the briefing (by telephone, Internet or in person) at any time within the 180 days prior to the moment she files her bankruptcy petition has complied with the pre-petition credit briefing requirement of § 109(h). The debtor in this case did so–she even filed her certificate along with her petition.

For all of these reasons, the Court DENIES the trustee's motion to dismiss for failure to comply with the pre-petition credit briefing requirement of § 109(h).

SO ORDERED this 19th day of June, 2006.

_____
HON. PAMELA PEPPER
United States Bankruptcy Court

Cc: Barbara J. Spears
Debtor

Todd Esser
Counsel for the Debtor

Thomas King
Standing Chapter 13 Trustee

Office of the U.S. Trustee